UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cliff Wadiak, *Trustee of the Don Har Trust*, | No. 2:21-cv-01075-KJM-AC |
| Plaintiff, | ORDER |
| v. | |
| Vincent Woodhall, et al., | |
| Defendants. | |

Defendants Vincent and Larri Lynn Woodhall, proceeding pro se, removed this unlawful detainer action, Notice of Removal, ECF No. 1, and moved to proceed here in forma pauperis, Mot., ECF No. 2. The court **remands the case to Sacramento County Superior Court** and **denies** the motion to proceed in forma pauperis.

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). The court strictly construes removal statutes against removal. *Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). There are two primary bases for federal subject matter jurisdiction: diversity and federal question.

1

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the parties are in complete diversity. 28 U.S.C. § 1332. The court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Defendants removed the case here asserting federal question jurisdiction. *See* Compl. ¶ 5. Defendants contend the plaintiff's complaint "intentionally fails to allege compliance with the Civil Rights Act of 1968[], tenant protection act of 2019, & intentionally violates the Federal Public Service Act 42 U.S.C. 264 & 42 Code of Federal Regulations 70.2." *Id.* ¶ 6. Defendants also insist resolution of the action depends on federal law. *Id.* ¶ 7. However, the complaint does not present a federal question and any defense or counterclaim defendants intend to present based on the above listed statutes does not create federal question jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

For the foregoing reasons, the court has determined sua sponte that it lacks subject matter jurisdiction, and thus **remands** this matter to Sacramento County Superior Court. As a result, defendant's motion for in forma pauperis status is **denied** as moot.

This order resolves ECF No. 2.

The Clerk is directed to close the case.

IT IS SO ORDERED.

DATED: June 22, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE